# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY OLIVER,<br><br>        Plaintiff,<br><br>v.<br><br>FIRST CENTURY BANK, N.A, and STORED VALUE CARDS, INC. (d/b/a NUMI FINANCIAL),<br><br>        Defendant. | Case No.: 3:17-CV-00620-MMA-KSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 20] |

  On November 16, 2017 the Court compelled arbitration of Plaintiff Anthony Oliver's claims against Defendants First Century Bank and Stored Value Cards, Inc., and stayed the action. *See* Doc. No. 19. Plaintiff now moves the Court to reconsider its order compelling arbitration, arguing that the Court committed clear error. *See* Doc. No. 20. Defendants filed an opposition to the motion, to which Plaintiff replied. *See* Doc. Nos. 21, 22. For the reasons set forth below, the Court **DENIES** Plaintiff's motion for reconsideration.

1

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 59(e), district courts have the power to reconsider a previous ruling or entry of judgment. Fed. R. Civ. P. 59(e). A Rule 59(e) motion seeks "a substantive change of mind by the court." *Tripati v. Henman*, 845 F.2d 205, 205 (9th Cir. 1988). Rule 59(e) provides an extraordinary remedy and, in the interest of finality and conservation of judicial resources, such a motion should not be granted absent highly unusual circumstances. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). Rule 59 may not be used to re-litigate old matters, raise new arguments, or present evidence that could have been raised prior to entry of the judgment. *Exxon Shipping Co. v. Baker*, 544 U.S. 471, 486–87 (2008).

Under Rule 59(e), it is appropriate to alter or amend a previous ruling or judgment if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). To carry the burden of proof, a moving party seeking reconsideration must show more than a disagreement with the Court's decision or a recapitulation of the cases and arguments previously considered by the court. *See United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

## DISCUSSION

As set forth in its previous order, the Court compelled arbitration of Plaintiff's claims based on a delegation clause contained in the cardholder agreement, which accompanied two pre-paid debit cards issued to Plaintiff upon his release from jail. Plaintiff failed to contest specifically the delegation clause's validity in his opposition to

Defendant's motion to compel arbitration. Doc. No. 19 at 4.[1] As such, the Court determined the delegation clause was enforceable.[2] Plaintiff disputes that determination. Plaintiff argues that because he never received copies of the cardholder agreements at issue, and thus contested the validity of the arbitration provision in the agreements, he also implicitly challenged the enforceability of the delegation clause. Plaintiff further contends that he did not bear the burden of raising an affirmative challenge to the delegation clause.

Plaintiff previously opposed arbitration on the grounds that he never received the cardholder agreements containing the arbitration provision. Plaintiff now asks the Court to use the benefit of hindsight to infer a specific challenge to the delegation clause contained in those agreements based solely on his objection to the validity of the arbitration provision. *See* Doc. No. 20-1 at 4, 6. Defendants respond that such a general challenge does not meet the level of specificity required to defeat a motion to compel arbitration. *See* Doc. No. 21 at 3.

If a party does not challenge a delegation clause "specifically," the Court "must treat it as valid under § 2 [of the Federal Arbitration Act], and must enforce it under §§ 3 and 4, leaving any challenge to the validity of the Agreement as a whole for the arbitrator." *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 72 (2010); *see also Garcia v. Dell, Inc.*, 905 F. Supp. 2d 1174, 1178–79 (S.D. Cal. 2012) (holding that the delegation clause should be enforced because the party did not specifically challenge the clause).

---

[1] Citations refer to the pagination assigned by the CM/ECF system.

[2] As the Court noted in its previous Order, a party moving to compel arbitration must show "(1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue." *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015) (citation omitted). "However, these gateway issues can be expressly delegated to the arbitrator where 'the parties clearly and unmistakably provide otherwise.'" *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (citing *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 649 (1986)); *see also Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 78 (2010) ("'[Q]uestion[s] of arbitrability' thus include questions regarding the existence of a legally binding and valid arbitration agreement"). Doc. No. 19 at 3.

Here, Plaintiff continues to bring general grievances against the arbitration provision contained in the cardholder agreements. Plaintiff relies on a recent decision by this Court in *Anderson v. Credit One Bank* to argue that the Court erred in this case. However, Plaintiff appears to conflate the parties' arguments and the court's findings. In *Anderson*, the defendant sought to compel arbitration, arguing that the plaintiff agreed to defendant's arbitration agreement and the existence of such agreement was delegated to an arbitrator to decide. *Anderson v. Credit One Bank, Nat'l Ass'n*, No. 16CV3125-MMA (AGS), 2017 WL 2258064, at *1, *2 (S.D. Cal. May 23, 2017). The plaintiff opposed the motion, arguing that he never entered into an arbitration agreement. *Id*. The court found that "[d]efendant's arbitration policy contains no similar provision delegating authority solely to an arbitrator," and thus it was left to the court to decide whether a valid contract to arbitrate existed. *Id.* at *3. Here, the Court found that the cardholder agreements contain an enforceable delegation clause, *see* Doc. No. 19 at 3, 4, which makes this case distinguishable from *Anderson*, and similar to *Fischer v. Rent-A-Center, Inc.* In *Fischer*, the court found a delegation clause and enforced it when the plaintiff did not contest its validity or dispute specific terms of the arbitration agreement. *Fischer v. Rent-A-Ctr., Inc.*, No. 2:14-CV-00918-MCE-AC, 2014 WL 3729553, at *4 (E.D. Cal. July 24, 2014).

More importantly, Plaintiff fails to demonstrate that he specifically contested the validity of the delegation clause. Plaintiff claims that he contested the delegation provision "when he argued that he never received the Cardholder Agreement at all, which necessarily included the delegation clause itself." Doc. No 20-1 at 6. Plaintiff's argument is foreclosed by the Supreme Court's holding in *Rent-A-Center*. 561 U.S. at 72. Pursuant to *Rent-A-Center*, Plaintiff's argument that a challenge to the whole of the agreement necessarily includes a specific challenge to the delegation clause, necessarily fails.

Plaintiff further contends that Defendants carried the burden to invoke the delegation clause in support of the motion to compel arbitration, which Defendants did not do. Defendants respond that they did address the delegation clause in their motion to

compel arbitration and, moreover, that Plaintiff bore the burden to challenge the delegation clause.

There appears to be a disagreement among the district courts as to which party bears the burden of addressing a delegation clause in an arbitration agreement. In *McLellan v. Fitbit, Inc.*, the court held that an arbitrator would decide arbitrability after examining whether the party opposing arbitration raised specific objections, and finding that the party opposing arbitration raised "challenges to the validity of the agreement to arbitrate, but none specifically to the delegation clause." *McLellan*, 2017 WL 4551484, at *4; *see also Fischer*, 2014 WL 3729553, at *4 (holding that the decision of whether a valid arbitration agreement exists "is a gateway issue for the arbitrator[]" because Plaintiff did not dispute the validity of the delegation clause or the "specific terms of the arbitration agreement"). In *Wilson v. HSBC Bank USA*, the court held that it would decide arbitrability when the parties seeking to compel arbitration did not address the delegation clause until their reply brief and it was their "burden to invoke the delegation clause at the outset." *Wilson v. HSBC Bank USA*, No. CV 13-1111 ABC (JCX), 2013 WL 12114443, at *2 (C.D. Cal. May 31, 2013). However, the *Wilson* court did not provide any authority for its proposition, *see id.*, which also appears to run counter to the Supreme Court's holding in *Rent-A-Center*, 561 U.S. at 72–73.

In *Rent-A-Center*, the court focused exclusively upon whether the party opposing arbitration "challenged the delegation clause specifically." *See id.* at 72. The Court held that "[the party] challenged only the validity of the contract as a whole," and that "nowhere in his opposition to Rent-A-Center's motion to compel arbitration did he even mention the delegation provision." *Id.* The Court further emphasized that none of the party's substantive unconscionability challenges were specific to the delegation clause, and merely focused on the invalidity of the entire agreement. *Id.* at 73–74 (emphasizing the challenger's arguments at the district court, Ninth Circuit, and Supreme Court). *Rent-A-Center* clearly holds that the party seeking to avoid arbitration bears the burden of

raising specific arbitrability challenges, including a challenge to the enforceability of a delegation clause.

## Conclusion

Having reviewed its previous ruling, the Court is satisfied that it committed no error in compelling the parties to arbitrate Plaintiff's claims. Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration.

**IT IS SO ORDERED**.

DATE: March 22, 2018

HON. MICHAEL M. ANELLO
United States District Judge